CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERRY L. RATLIFF,** ) | |
| Plaintiff, ) | Case No. 7:25-cv-00205 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **VIRGINIA DEPARTMENT OF** ) | Senior United States District Judge |
| **CORRECTIONS, et al.,** ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Jerry L. Ratliff, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Virginia Department of Corrections (VDOC) and three members of the medical staff at Wallens Ridge State Prison: Dr. Benny Mullins, Nurse Practitioner Tina Townsend, and Nurse Lindsey Davis. Ratliff claims that he received inadequate medical treatment after breaking his elbow. The case is presently before the court on a motion to dismiss filed by the VDOC. ECF No. 24. For the following reasons, the motion is **GRANTED**.

### I. Background

According to the complaint, Ratliff broke his elbow while playing basketball on November 9, 2024. Compl., ECF No. 1, at 3. He claims that Dr. Mullins, Nurse Practitioner Townend, and Nurse Davis violated the Eighth Amendment by failing to provide prompt and adequate medical treatment. Id. at 6. He contends that the VDOC is subject to "municipal liability" for "widespread policies and practices." Id.

## II. Standard of Review

The VDOC has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint filed by a pro se plaintiff "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III. Discussion

Ratliff filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle

for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

It is well settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The same is true for "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. The VDOC is a state agency rather than a municipal entity. See Va. Code Ann. § 53.1-8 ("There shall be in the executive department a Department of Corrections responsible to the Governor."). As a state agency or arm of the Commonwealth of Virginia, the VDOC is not a "person" within the meaning of § 1983. Will, 491 U.S. at 70; see also Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005). Accordingly, the VDOC is not a proper defendant in a § 1983 action.

## IV. Conclusion

For the reasons stated, the VDOC's motion to dismiss, ECF No. 24, is **GRANTED**. An appropriate order will be entered.

Entered: October 16, 2025

Michael F. Urbanski
U.S. District Judge
2025.10.16 14:19:17
-04'00'

Michael F. Urbanski
Senior United States District Judge

3